[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
The petitioner brings this petition for a writ of habeas corpus alleging that the Board of Parole has denied him a hearing because the Truth in Sentencing Law has been applied to his sentence improperly. He was sentenced on July 1, 1997 on three (3) narcotics informations: Respondent's Exhibit A for two (2) concurrent sentences often (10) years each for sale and possession of narcotics, the crimes committed on April 17, 1996; CT Page 13660 Respondent's Exhibit B for two (2) ten (10) year concurrent sentences for sale and possession of narcotics committed on August 8, 1995; Respondent's Exhibit C for the seven (7) year sentence for conspiracy to commit sales of narcotics which offense was committed on February 5, 1997. These sentences were made concurrent to one another. Because of these offenses, having been on parole during said offenses, he was violated on February 21, 1997 for which on July 1, 1997, he received a sentence of eight (8) years which was made concurrent to the other three (3) information (Respondent's Exhibit D). The parole arose for an unexpired sentence for the charge of manslaughter which occurred June 19, 1991. It is the contention of the petitioner that the Board has applied the provision of P.A. 93-219 requiring service of 85 percent of his sentence before becoming eligible for parole even though the only offense which can be claimed to have been violent was committed in 1991 long before the enactment long before the enactment of P.A. 93-219. It is the position of the Board that even thought the homicide occurred before the enactment of P.A. 93-219, the penalty imposed resulted in a violation of the parole after the enactment.
The Respondent, however, moved to dismiss in that this court lacks subject matter jurisdiction. The statute, G.S. 54-125, does not give an inmate any right to demand or even apply for parole. The only statutory limits upon the discretion of the board of parole are the requirement that the inmate serve his minimum sentence, that it appears that the inmate will remain at liberty without violating the law, and that the release not be incompatible with the welfare of society. Vincenzo v. Warden,26 Conn. App. 132, 141. The habeas court therefore lacks subject matter jurisdiction.
For the above reasons, the petition is dismissed.
Corrigan, JTR